JOSEPH FARRAR v. C. H. DAVIS.*

*Evidence. Practice. Offset.*

The plaintiff brought an action of assumpsit; the defendant pleaded the general issue, offset, and gave notice of settlement; and on trial waived his offset, claimed that at the time of the settlement he held a note for $29, against the plaintiff, and produced the note in court. The defendant denied the settlment, and offered evidence to prove that the consideration of the note was illegal; that it was given for costs *of a criminal prosecution;* and that the *same costs* had been allowed by the county auditor and *paid the defendant by the county clerk.* *Held,* that the evidence was admissible.

CASE tried at the June Term, 1877, Ross, J. presiding. Trial by jury.

Assumpsit under the common counts. Plea, non-assumpsit, offset, and notice that defendant would claim a settlement. Replication, traverse of plea of offset. Plaintiff's specifications were for two items of cash received by defendant for plaintiff in 1871, amounting to $46.40 in the whole at that time, which the defendant conceded were correct. Defendant then introduced testimony tending to show that in January, 1875, he held a note against the plaintiff (and produced the note and testified to its date and amount) for the sum of $29, dated April 28, 1871, and at that time he and plaintiff settled all matters between them, including the note, and found $10 due the plaintiff, which defendant claimed he agreed to pay and had paid in services. The defendant also testified that he had an account in offset, on which he relied if he should fail on the question of settlement, and gave plaintiff's attorney a copy of his specifications in offset while on the witness stand ; but gave no testimony relative to the offset. The counsel for defendant then gave notice that defendant waived his plea in set-off and relied on the settlement alone. The plaintiff in rebutting offered to show that the only consideration for said note was the defendant's discontinuance, as State's attorney for the county of Caledonia in 1871, of a criminal prosecution then pending

*Heard at the October Term, 1879.

against one Charles Mason for assault, before H. S. Cook, justice of the peace ; and that the note in question was given to the officer, Wm. H. Preston, for the costs in that proceeding, signed by said Mason and plaintiff as surety ; and afterwards the defendant took said note of said Preston ; also that the same costs in the case of *State* v. *Mason*, which were included in said note, were presented to and allowed by the County Court auditor, and have been paid in full to said defendant by the clerk of Caledonia County Court. The court held the evidence to be immaterial, as the issue then stood. The counsel for plaintiff then claimed it was material to the issue of settlement, on the ground that the plaintiff was mistaken as to his liability on the note at the time of the alleged settlement, if the jury should find the settlement established. It was not claimed that the plaintiff was ignorant of any of the facts, nor mistaken as to any of them at the time of the claimed settlement, but that he was mistaken as to his legal liability on the facts offered to be shown. The court persisted in its ruling, and excluded the evidence, to which the plaintiff excepted. The plaintiff denied the settlement, and that question was submitted to the jury in a manner not excepted to.

*M. Montgomery*, for the plaintiff.

——————  ——————, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit, in the general counts. Plaintiff's specifications $46.40. The defendant pleaded the general issue ; and gave notice of a settlement of the plaintiff's claim in January, 1875. The plea in offset was traversed. The plaintiff's claim was conceded by defendant to have been originally a just claim. The defendant gave evidence tending to show that in January, 1875, he held a note, signed by plaintiff as surety, for $29, dated April 28, 1871 ; and that defendant then applied said note in part settlement of plaintiff's claim, leaving $10 due the plaintiff, which the defendant *claimed* he *agreed* to pay, and had paid, in services. From this statement, we infer that the defend-

ant had done legal services for the plaintiff since the settlement, but that no adjustment or application of any particular items of such service had been made, in extinguishment of the admitted sum due the plaintiff. It is not stated, but the statement leaves a strong inference that the defendant's specifications in offset were made up of the note in question, and certain items of account, for defendant's professional services. It does not appear, nor is it claimed, that the parties ever adjusted the defendant's charges for his services, or made any application of them upon the plaintiff's claim. The items were proper items of charge on book at the time the services were rendered, and were proper matters for offset against plaintiff's claim. The defendant pleaded in offset, and gave plaintiff's attorney his specifications, on trial, and then waived his offset. What items of defendant's account are adjudicated, and extinguished, by this judgment does not appear, nor is it easy to conceive that any were. The plaintiff's counsel claim, with some reason, that he was so dazed and bewildered by defendant's sudden shifts and tactics, on trial, that he could not comprehend the condition of his case. That was, measurably, his fault. But we think the exclusion of his evidence as to the note was error. If it was given to compromise a criminal prosecution it was void. If it had any force as indemnity to the State, it belonged to the State; and the defendant had no right to apply it in payment of his private claim. And the alleged facts, if true, in connection with the continued possession of the note by defendant, are strong evidence that the transaction claimed by defendant is unfounded. If the note was legitimate as indemnity for costs paid by the State, and to the defendant himself, then it is improbable, as inconsistent with defendant's integrity, that he should agree to apply said note in payment of his personal and private debts. If the note is void, as infected with illegality in its inception, then it is improbable that the plaintiff, who stands as surety, should have paid it, voluntarily, as claimed by the defendant.

The judgment of the County Court is reversed, and cause remanded.